IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY CALDWELL, on behalf of herself and all others similarly situated,

    Plaintiff,

  v.

UNITEDHEALTHCARE INSURANCE COMPANY; and UNITED HEALTHCARE SERVICES, INC.,

    Defendants.

No. C 19-02861 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this ERISA action, defendants insurance companies denied coverage for plaintiff's surgical treatment of lipedema. Defendants move to dismiss plaintiff's complaint under FRCP 12(b)(6). For the reasons set forth below, defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Lipedema is a chronic, progressive, painful, and immobilizing condition involving an abnormal buildup of adipose tissue (body fat). After plaintiff Mary Caldwell was diagnosed with Stage 3 lipedema, her physician proposed treatment with specialized liposuction. Caldwell alleges that specialized liposuction is the only available therapy for lipedema. Defendants UnitedHealthCare Insurance Company and United HealthCare Services, Inc.

(together, "United") denied her coverage. They stated "these procedures are not proven to be helpful for people with your condition. Your plan does not cover for unproven services." United denied Caldwell's subsequent appeal stating that neither the clinical information nor peer-reviewed literature supported the use of specialized liposuction for lipedema. Thus, United deemed the procedure an unproven service under the plan (Dkt. 1 at 2, 3, 5).

Caldwell brings this ERISA class action pursuant to FRCP 23 on behalf of herself and all others similarly situated. It is premature to analyze the claims on a class basis. Instead, Caldwell must plead as an individual and this order limits itself to that problem. Her first claim for relief under United States Code Title 29 Section 1132(a)(1)(B) includes recovering benefits due along with enforcing and clarifying her rights to the benefits at issue. The second claim seeks declaratory, equitable, and remedial relief for breach of fiduciary duty under Section 1132(a)(3). United moves to dismiss both claims for failure to state claims. This order follows full briefing (Dkt. Nos. 25, 28, 30) and oral argument.

## ANALYSIS

### 1. SECTION 1132(a)(1)(B) CLAIM.

Section 1132(a)(1)(B) empowers a person to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." United advances two arguments to dismiss Caldwell's claim under Section 1132(a)(1)(B). Both arguments are discussed below.

### A. Caldwell Does Not Adequately Allege The Existence of an ERISA Plan.

In *Donovan v. Dillingham*, the United States Court of Appeals for the Eleventh Circuit held that a plan is subject to ERISA if, from the surrounding circumstances, a reasonable person could ascertain: the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits. 688 F. 2d 1367, 1373 (11th Cir. 1982). Our court of appeals holds that "satisfying the *Donovan* criteria is a necessary but not sufficient condition for the creation of an ERISA plan." Otherwise, our court has not yet determined the minimum requirements for establishing the existence of an ERISA plan. *Golden Gate Rest. Ass'n v. City*

*& Cty. of S.F.*, 546 F. 3d 639, 642 (9th Cir. 2008). This order holds the pleadings insufficient in raising the existence or creation of an ERISA plan above the speculative level.

Caldwell alleges that (1) she was covered under an "employee benefit plan" (2) established or maintained (3) "through her employer" and insured or administered by United, (4) for the purpose of providing "health care benefits" (5) to Caldwell and other beneficiaries "around the country" (Dkt. No. 28 at 9). United labels these allegations as conclusory and insufficient to meet the pleading standard (Dkt. No. 25-1 at 8). This order agrees. Caldwell does nothing more than recite the generic elements constituting an ERISA plan without alleging any facts about her plan itself. Because she makes blanket statements, the motion to dismiss this claim is **GRANTED**. Surely she has a copy of whatever United health plan she used. She should set forth the provisions therein that show she would be entitled to relief. Insofar as Caldwell would like to amend her complaint, she should also include facts that allow a reasonable person to infer that the plan in question is an ERISA plan. This inference should be made from factual evidence not legal conclusions as presented here.

### B. Caldwell Does Not Identify a Plan Provision That Entitles Her to Benefits.

When an ERISA plan administrator denies a claim, they must give the claimant information about the denial, including the specific plan provisions on which it is based. "The plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time when the denial is challenged in federal court." Our court of appeals clarifies that a court will not allow an ERISA plan administrator to assert a reason for denial of benefits that it had not given during the administrative process. *Harlick v. Blue Shield of Cal*. 686 F. 3d 719 (9th Cir. 2012).

Caldwell claims that successfully negating the unproven classification will entitle her to coverage under *Harlick* because United allegedly gave no other reason for the denial (Dkt. No. 28 at 12). Caldwell misreads *Harlick*. The general rule aims to protect claimants from "be[ing] 'sandbagged' by a rationale the plan administrator adduces only after the suit has commenced." 686 F. 3d at 720. Here, United is not introducing any new reason for the denial.

3

Even if Caldwell shows that specialized liposuction should be considered a proven procedure, rather than unproven, she does not show that the service is covered under any specific terms in her plan. United argues that Caldwell should point to a plan provision that somehow covers specialized liposuction rather than attacking the unproven classification (Dkt. No. 25-1 at 9). This order agrees. Because Caldwell fails to plead facts that, if true, would establish that specialized liposuction is a covered benefit under her plan, the motion to dismiss this claim is **GRANTED**.

### 2. SECTION 1132(a)(3) CLAIM.

Section 1132(a)(3) empowers "a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." This is a catch-all, "safety net" provision that may be relied upon if adequate relief is not provided elsewhere by the statute; if an adequate remedy *is* provided elsewhere, then a claim under Section 1132(a)(3) is *not* appropriate. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Our court of appeals has recognized that a claim for benefits under Section 1132(a)(1)(B) and a claim for equitable relief under Section 1132(a)(3) "can proceed simultaneously [and] . . . allows plaintiff[s] to plead alternate theories of relief without obtaining double recoveries." *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016).

Caldwell brings a civil action under Section 1132(a)(1)(B) to "seek the payment of medical expenses, interest thereon, a clarification of rights, and attorneys fees." Under Section 1132(a)(3), Caldwell asserts her second claim for breach of fiduciary duty seeking declaratory, equitable, and remedial relief. Caldwell may *plead* alternate theories of relief without *obtaining duplicate recoveries*. Because these claims may proceed simultaneously so long as there is no double recovery, the motion to dismiss this claim is **DENIED** (Dkt. No. 1 at 8, 9).

4

**CONCLUSION**

In light of the foregoing, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: September 26, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE