UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY CALDWELL,

    Plaintiff,

  v.

UNITEDHEALTHCARE INSURANCE COMPANY, et al.,

    Defendants.

No. C-19-02861-WHA

**ORDER ON MOTIONS TO SEAL**

`In this ERISA case involving insurance claims to treat lipedema with liposuction, both parties seek to seal various documents, including, in whole or in part, briefs, depositions, and exhibits containing medical information, proprietary research, and materials marked confidential during discovery. The motions to seal cover materials submitted related to both class certification and United's motion for summary judgment (Dkt. Nos. 77, 80, 83, 101, 106).

Our court of appeals addressed the standard for a motion to seal in *Kamakana v. City & Cty. of Honolulu* explaining:

> [A] strong presumption in favor of access is the starting point. A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by . . . articulat[ing] compelling reasons supported by specific factual findings that outweigh . . . public policies favoring disclosure . . . .

447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and quotations omitted). A request for sealing must be "narrowly tailored" and cannot rely on nebulous assertions or boilerplate language. Local Rule 79-5(b).

1  United does not dispute that the compelling reasons standard applies to materials filed in
2  support of summary judgment. But our court of appeals "carved out an exception to the
3  presumption of access to judicial records . . . expressly limited to judicial records filed under
4  seal when attached to a non-dispositive motion," instead applying a good cause standard. In re
5  Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012).
6  United argues that the good cause standard applies. Both parties note that, when considering a
7  motion to seal related to class certification, most district courts in our circuit categorized the
8  class certification motions as non-dispositive and only required good cause for sealing in those
9  cases

10  Nevertheless, "our circuit looks past the literal dispositive/nondispositive label" —
11  instead "public access will turn on whether the motion is more than tangentially related to the
12  merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1100 (9th Cir.
13  2016). "While many technically nondispositive motions will fail this test, some will pass." Id.
14  at 1101; see also In re Seagate Tech. LLC, 326 F.R.D. 223, 246 (N.D. Cal. 2018); A.B. v. Pac.
15  Fertility Ctr., 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020).

16  United's opposition to class certification raises issues that are far from tangential. United
17  invited consideration of Caldwell's alleged failure to exhaust her remedies and her ability to
18  challenge the 2020 Omnibus policy (Dkt. 81 at 17-18). The first issue is dispositive and the
19  second clearly relates more than tangentially to the merits of the case because plaintiff argues
20  that the 2020 omnibus policy arise from the same conduct as United's prior ad hoc denials.
21  Here, the compelling reason standard supplies the appropriate lens for sealing motions related
22  to class certification as well as summary judgment.

23  Plaintiff seeks to seal portions of Caldwell's claim requests and medical records
24  containing personally-identifiable information such as her date of birth and address. Stating
25  that certain documents produced in discovery were marked as "confidential" by United,
26  plaintiff also seeks to seal the entirety of certain internal documents, such as Oracle's Plan
27  Document, plaintiff's certificate of coverage, and United's internal procedures such its process
28  for developing medical policies (Dkt. 77). Plaintiff also seeks to seal portions of its opposition

brief and the declarations of Experts Branko Kopjar and Dr. Dung Nguyen which reference materials marked confidential by United (Dkt. 106). The designation of documents as confidential during discovery does not entitle either party to sealing.

United's motions to seal include communications between Caldwell, Dr. Alexander Nguyen (her treating physician), and United, plus excerpts of Caldwell's deposition (Dkt. 101 at 2). To the extent parties seek to seal communications between claimants or their doctors and United or amongst United agents, these requests warrant denial. This kind of information includes, but is not necessarily limited to, physicians' assertions about the state of medical literature, United employees' discussions during medical policy development, and claim letters between United and claimants. Such information bears on United's reasonableness in claim administration and therefore the present claims for relief. This information will remain public.

The right to medical privacy, however, provides a compelling reason for redacting limited portions of documents that personally identify individuals or reveal the sensitive personal information (names, social security numbers, addresses, dates of birth, and policy numbers) of patients, with the exception of Plaintiff Caldwell. Caldwell's willingness to put her medical information at-issue in this case justifies keeping her records and communications with United identifiable to the extent possible.

Certain medical information typically considered private is necessary to the public's understanding of this matter, such as descriptions of a patient's medical history or symptoms, recommendations made by a treating physician, or claim determinations referencing medical information. Descriptive medical information that can anonymized by redacting personally-identifiable (a file explaining a patient's medical history) will remain unsealed, but the parties must verify that the requirements of HIPAA regulations 45 C.F.R. Section 164.512 have been met. To differentiate claimants' medical files without compromising patient identity, United must file under seal an identification key that provides numerical codes for patient names and associated employers which could indirectly compromise patient identity.

United also seeks to seal the entirety of certain internal documents, such as a template Certificate of Coverage, the Administrative Services Agreement between United and Oracle,

research summaries conducted by United's internal research arm, and other non-public policies and procedures (Dkt. 101). Beside reciting the tired assertion that certain documents labeled as confidential should remain so, United also contends that internal documents constitute proprietary information and that it took steps to keep its internal processes and research non-public and out of the hands of competitors. (Dkt. 101-1).

United's request to seal various internal documents as proprietary fails to meet the compelling reason standard. United's claim determinations, the evidence it evaluated, and its internal processes and communications constitute central issues of this litigation. United's assertion that it will suffer a market disadvantage is both hypothetical and speculative. Proprietary documents such as internal procedures and research summaries will remain public.

The undersigned also clarifies that United's administrative record must reflect only materials from the relevant time period and must comply with the foregoing requirements for filing the record under seal. The record should include an appendix for ease of reference and all evidence must be clearly legible. The deadline for submission of the administrative will be set in due course.

Both parties must ensure previously that filed attachments contain only the appropriate redactions. Both parties shall either refile all the exhibits sought to be sealed or certify under oath via declaration that the currently filed exhibits comply with the foregoing requirements no later than **MARCH 31, 2021**.

**IT IS SO ORDERED.**

Dated: March 1, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4