ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
MARY CALDWELL,
on behalf of herself and all others
similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY CALDWELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY; UNITED HEALTHCARE SERVICES, INC.,<br><br>Defendants. | Case No.: 3:19-cv-02861-WHA<br>Assigned to Hon. William H. Alsup<br>COURTROOM 12, 19th Floor<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ADJUSTMENT OF AWARD OF ATTORNEY FEES**<br><br>Date: January 9, 2025<br>Time: 8:00 a.m.<br>Place: Courtroom 12 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2025 at 8:00 a.m. in Courtroom 12 of the above-entitled Court, located at Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Mary Caldwell will move the Court under Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, and 29 U.S.C. section 1132(g)(1), for an order awarding additional attorney's fees in the amount of **$570,113.75**.

This motion is based on this notice, the attached memorandum of points and authorities; the Declaration of Reed Baessler, the Court's files and records in this action; and upon such other matters as may be presented at the hearing.

DATED: November 15, 2024                    GIANELLI & MORRIS

                                            By:    /s/ Joshua S. Davis
                                                   ROBERT S. GIANELLI
                                                   JOSHUA S. DAVIS
                                                   ADRIAN J. BARRIO
                                                   Attorneys for Plaintiff
                                                   MARY CALDWELL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This ERISA class action arises out of the practice of Defendants United Healthcare Services, Inc. and United Healthcare Insurance Company (collectively, "United") to categorically deny coverage for liposuction to treat lipedema ("Lipedema Surgery") on the ground it is "unproven."

This Court approved a Settlement of this case that invited Class Members to submit requests for reimbursement and authorizations for future surgeries, and issued an initial award of attorney fees on December 22, 2023. (Dkt. 265.) At the time, the Court found that after a downward departure, the appropriate lodestar in this case was $670,113.75. (Id.) This Court then awarded Class Counsel $100,00 in attorney fees and stated it would revisit the total fee award after it was determine how many class members participated and the benefit they received from the Settlement. (Id.)

Class Counsel reports that 22 of the 28 Class Members submitted claims. (Dec. of Reed Baessler Decl., ¶¶ 17-19.) Of these, 14 requested reimbursement and 8 requested re-review and authorization for future surgeries. (Id.) Pursuant to the terms of the Settlement, United approved all 22 claims. (Id. at 19-20.) These represent a 78.6% participation rate which is excellent for any class action.

The total paid for reimbursement is $232,708.15. (Reed Baessler Decl., ¶ 21.) The other 8 class members will also obtain substantial benefit in thousands of dollars in costs of future surgeries.

Given the above, Class Counsel request that the Court award the remainer of the lodestar in the amount of $570,113.75, or portion thereof in an amount of the Court's discretion.

In the absence of Class Counsel's assiduous efforts, the significant class relief could not have been achieved.

///

///

## II. HISTORY OF THE LITIGATION AND SETTLEMENT

Class Counsel refers this Court to the motion for final approval and fees for details. (Dkt Nos. 257 and 253.)

## III. THE SETTLEMENT CONFERS SUBSTANTIAL BENEFITS TO THE CLASS

As set forth above, 22 of the 28 Class Members submitted claims. (Decl. of Reed Baessler, ¶¶ 17-19.) Of these, 14 requested reimbursement and 8 requested re-review and authorization for future surgeries. (*Id.*) Pursuant to the terms of the Settlement, United approved all 22 claims. (*Id.* at 19-20.) These represent a 78.6% participation rate which is excellent for any class action.

The total paid for reimbursement is $232,708.15. (Reed Baessler Decl., ¶ 21.) The other 8 class members will also obtain substantial benefit in thousands of dollars in costs of future surgeries.

## IV. THE COURT SHOULD AWARD THE FULL AMOUNT OF LODESTAR

This is not a common fund class action certified under FRPC 23(b)(3), but a declaratory and injunctive relief class action certified under FRCP 23(b)(2). Accordingly, Plaintiff is seeking ERISA statutory fees and costs pursuant to the fee-shifting statute, 29 US.C. section 1132(g)(1). ERISA's fee provisions in particular are intended to encourage beneficiaries to enforce their statutory rights, *Donachie v. Liberty Life Ass. Co. of Boston*, 745 F.3d 41, 45-46 (2nd Cir. 2014), and "to encourage attorneys to take on such cases, which are often time consuming and complex," *Hanley v. Kodak Ret. Income Plan*, 663 F.Supp.2d 216, 219 (W.D.N.Y. 2009). The Ninth Circuit has rejected the rule that ERISA fees be proportional to the underlying benefit provided. *Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc.*, 911 F.2d 1347, 1355 (9th Cir.1990) (rejecting a proportionality rule). ERISA fees must be determined using the lodestar method. *S.A. McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999) (held ERISA fees must be calculated using the lodestar method).

This Court previously found that after a downward departure, the appropriate lodestar in this case was $670,113.75. (Id.)  This Court then awarded Class Counsel $100,00 in attorney fees and stated it would revisit the total fee award after it was determine how many class members participated and the benefit they received from the Settlement. (Id.)

Given the 78.7% participation rate, Plaintiff respectfully requests a fee award Adjustment in the amount of $**570,113.75.**

**V.   CONCLUSION**

In light of the services rendered and the substantial benefits obtained under the Settlement, Plaintiff and the Class respectfully request that the Court adjust the Class Counsel attorneys' fees an additional $570,113.75.

DATED:  November 15, 2024            GIANELLI & MORRIS

                                  By:   /s/ Joshua S. Davis
                                        ROBERT S. GIANELLI
                                        JOSHUA S. DAVIS
                                        ADRIAN J. BARRIO
                                        Attorneys for Plaintiff
                                        MARY CALDWELL

3